AO 106 (Rev. 04/10)  Application for a Search Warrant

# UNITED STATES DISTRICT COURT

for the

Southern District of Ohio

FILED
RICHARD W. NAGEL
CLERK OF COURT

2021 JAN 14  AM 10: 16

U.S. DISTRICT COURT
SOUTHERN DIST OHIO
WEST DIV CINCINNATI

In the Matter of the Search of
*(Briefly describe the property to be searched*
*or identify the person by name and address)*

THE CELLULAR TELEPHONE ASSIGNED CALL
NUMBER 937-900-5213 WITH INTERNATIONAL
MOBILE SUBSCRIBER IDENTITY 310410307982145

)
)
)
)
)
)

Case No.     1■21MJ-026

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location):*
See Attachment A. Because the government has satisfied the requirements of 18 U.S.C. § 3122, this warrant also constitutes an order under 18 U.S.C. § 3123.

located in the _____Southern_____ District of _____Ohio_____ , there is now concealed *(identify the person or describe the property to be seized)*:
See Attachment B

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:
- ☑ evidence of a crime;
- ☐ contraband, fruits of crime, or other items illegally possessed;
- ☐ property designed for use, intended for use, or used in committing a crime;
- ☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 21 U.S.C. Section 841 and 846 | Distribution of a controlled substance and conspiracy to distribute a controlled substance |

The application is based on these facts:
See affidavit in support of search warrant.  To ensure technical compliance with 18 U.S.C. §§ 3121-3127, the warrant will also function as a pen register order.  I thus certify that the information likely to be obtained is relevant to an ongoing criminal investigation conducted by the DEA.  See 18 U.S.C. §§ 3122(b), 3123(b).

- ☑ Continued on the attached sheet.
- ☑ Delayed notice of __30__ days (give exact ending date if more than 30 days: _____ ) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

_____
*Applicant's signature*

Tyran Y. Golden, DEA Special Agent
*Printed name and title*

Sworn to before me and signed in my presence.

Date:  1/14/21

City and state:  Cincinnati, Ohio

_____
*Judge's signature*

Stephanie K. Bowman, U.S. Magistrate Judge
*Printed name and title*

## ATTACHMENT A

### Property to Be Searched

1. The cellular telephone assigned call number **937-900-5213,** with International Mobile Subscriber Identity / Electronic Serial Number 310410307982145, with listed subscriber(s) Mekahale LAMB (the "Target Cell Phone"), whose wireless service provider is AT&T, a company headquartered at 11760 U.S. Highway 1, North Palm Beach, Florida.

2. Records and information associated with the Target Cell Phone that is within the possession, custody, or control of AT&T, including information about the location of the cellular telephone if it is subsequently assigned a different call number.

## ATTACHMENT B

### Particular Things to be Seized

**I.**     **Information to be Disclosed by the Provider**

All information about the location of the Target Cell Phone described in Attachment A for a period of thirty days, during all times of day and night. "Information about the location of the Target Cell Phone" includes all available E-911 Phase II data, GPS data, latitude-longitude data, and other precise location information, as well as all data about which "cell towers" (i.e., antenna towers covering specific geographic areas) and "sectors" (i.e., faces of the towers) received a radio signal from the cellular telephone described in Attachment A.

To the extent that the information described in the previous paragraph (hereinafter, "Location Information") is within the possession, custody, or control of AT&T, is required to disclose the Location Information to the government. In addition, AT&T must furnish the government all information, facilities, and technical assistance necessary to accomplish the collection of the Location Information unobtrusively and with a minimum of interference with AT&T's services, including by initiating a signal to determine the location of the Target Cell Phone on AT&T's network or with such other reference points as may be reasonably available, and at such intervals and times directed by the government. The government shall compensate AT&T for reasonable expenses incurred in furnishing such facilities or assistance.

This warrant does not authorize the seizure of any tangible property. In approving this warrant, the Court finds reasonable necessity for the seizure of the Location Information. *See* 18 U.S.C. § 3103a(b)(2).

**II.      Information to Be Seized by the Government**

All information described above in Section I that constitutes evidence of violations of Title 21 U.S.C. §§ 841 and 846, involving Mekahale LAMB and/or other unidentified subject(s).

Law enforcement personnel (who may include, in addition to law enforcement officers and agents, attorneys for the government, attorney support staff, agency personnel assisting the government in this investigation, and outside technical experts under government control) are authorized to review the records produced by the Provider in order to locate the things particularly described in this Warrant.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO

IN THE MATTER OF THE SEARCH OF
THE CELLULAR TELEPHONE ASSIGNED
CALL NUMBER 937-900-5213 WITH
INTERNATIONAL MOBILE SUBSCRIBER
IDENTITY/ ELECTRONIC SERIAL
NUMBER 310410307982145

Case No. ___1:21MJ-026___

**Filed Under Seal**

### AFFIDAVIT IN SUPPORT OF
### AN APPLICATION FOR A SEARCH WARRANT

I, Tyran Y. Golden, being first duly sworn, hereby depose and state as follows:

### INTRODUCTION AND AGENT BACKGROUND

1.      I make this affidavit in support of an application for a search warrant under Federal

Rule of Criminal Procedure 41 and 18 U.S.C. §§ 2703(c)(1)(A) for information about the

location of the cellular telephone assigned call number **937-900-5213,** with International Mobile

Subscriber Identity / Electronic Serial Number 310410307982145, with listed subscriber(s)

Mekahale LAMB (the "Target Cell Phone"), whose service provider is AT&T, a wireless

telephone service provider headquartered at 11760 U.S. Highway 1, North Palm Beach, Florida.

The Target Cell Phone is described herein and in Attachment A, and the location information to

be seized is described herein and in Attachment B.

2.      Because this warrant seeks the prospective collection of information, including cell-

site location information, that may fall within the statutory definitions of information collected

by a "pen register" and/or "trap and trace device," *see* 18 U.S.C. § 3127(3) & (4), the requested

warrant is designed to also comply with the Pen Register Act. *See* 18 U.S.C. §§ 3121-3127. The

requested warrant therefore includes all the information required to be included in an order

pursuant to that statute. *See* 18 U.S.C. § 3123(b)(1).

3.      I am a Special Agent with the U.S. Drug Enforcement Administration (DEA), and have been since July 2018. I am currently assigned to the Cincinnati Resident Office of the DEA. I received specialized training from the DEA, including the 16-week Basic Agent Training course. This training focused on methods of unlawful drug trafficking; the identification of controlled substances; surveillance; undercover operations; confidential source management; the means by which drug traffickers derive, launder, and conceal their profits from drug trafficking; the use of assets to facilitate unlawful drug trafficking activity; and the law permitting the forfeiture to the United States of assets purchased with drug proceeds or assets used or intended to be used to facilitate drug violations.

4.      As a DEA Agent, I have participated in all aspects of drug investigations, including physical surveillance, installation and monitoring of GPS devices, execution of search warrants, arrests of drug traffickers, and Title-III wiretap investigations. I have participated in the execution of numerous search warrants seeking evidence of violations of the Federal Controlled Substances Act (Title 21 of the United States Code). These warrants covered the search of locations such as residences of drug traffickers and their co-conspirators/associates, drug manufacturing operations, and stash houses used as storage and distribution points for controlled substances. I have also participated in the execution of search warrants for electronic devices and information, such as search warrants for e-mail accounts, mobile telephones, and GPS tracking devices.

5.      By virtue of my involvement in these investigations, I have become familiar with the various means and mechanisms used by drug traffickers to import and distribute controlled substances and to remain at large without being detected by law enforcement. I am familiar with the fact that drug traffickers make tremendous profits through drug trafficking, and require large amounts of currency to operate surreptitiously. In this regard, I have obtained and executed

numerous search warrants in which I have seized ledgers, notebooks, papers, and other related record-keeping instruments, all of which have been used to record multiple narcotics and related money laundering transactions. I have also seized telephone books, diaries, invoices, cellular telephones, and correspondence that contained evidence of narcotic trafficking and money laundering violations.

6.      I have been involved in interviewing individuals post-arrest, defendants in conjunction with post-arrest proffers, confidential informants, and other non-defendant individuals with knowledge of illegal drug trafficking. During such interviews and through discussions with other experienced agents, I have become familiar with the day-to-day operations of distributors and transporters of controlled substances. I have gained knowledge regarding the various methods, techniques, codes, and/or jargon used by illegal drug traffickers in the course of their criminal activities. This includes information about the packaging and preparation of narcotics, methods in which illicit drugs are smuggled, transported, and distributed, and security measures commonly employed by narcotics traffickers. These security measures include the use of firearms to protect their narcotics-related activities, and the use of cellular telephones, pagers, and personal digital assistants to facilitate communications while attempting to avoid law enforcement scrutiny.

7.      As a result of my participation in these and other activities, I have gained particular knowledge in the use of confidential informants, physical surveillance, consensual recordings, investigative interviews, garbage searches, pole-mounted cameras, and GPS tracking devices. Based on my training and experience, GPS tracking devices aid law enforcement in the investigation and detection of illegal drug trafficking by enabling agents to analyze the suspected trafficker's travel patterns. GPS data can aid law enforcement in identifying co-conspirators as well as stash houses, which are residences where contraband and instrumentalities of drug

3

trafficking, such as firearms and drug paraphernalia, are stored.

8. In addition to using these and other investigative techniques, I have analyzed information from traditional record sources, such as financial records, utility records, and telephone toll and subscriber records. I have also analyzed nontraditional record sources such as the informal ledgers routinely maintained by narcotics traffickers. These informal ledgers, commonly referred to as pay-owe sheets, list amounts of drugs received from sources and distributed to customers and the amounts of money received from customers and owed to sources. I have also gained experience in the identification and collection of drug and non-drug evidence, and the analysis and interpretation of taped conversations obtained by the methods detailed above.

9. The facts in this affidavit come from my personal observations, my training and experience, and information obtained from other agents and witnesses. This affidavit is intended to show merely that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter.

10. The court has jurisdiction to issue the proposed warrant because it is a "court of competent jurisdiction" as defined in 18 U.S.C. § 2711. Specifically, the Court is a district court of the United States that has jurisdiction over the offense being investigated, *see* 18 U.S.C. § 2711(3)(A)(i).

## PROBABLE CAUSE

11. The United States, including the Drug Enforcement Administration, is conducting a criminal investigation of Mekahale LAMB regarding possible violations of Title 21 U.S.C. §§ 841 and 846.

4

12.    On December 9, 2020, SA Golden and Task Force Officer (TFO) Michael Matulewicz conducted a quarterly debriefing with Confidential Source CS-20-161908.[1] The CS reported that a black male named Mekahale is currently distributing multiple ounces and/or kilograms of cocaine and possibly fentanyl in the Cincinnati, Ohio area. The CS stated that they do not currently have any contact information, nor any addresses or vehicles that "Mekahale" is known to utilize. Agents queried Mekahale LAMB on law enforcement databases and showed a photograph of LAMB to the CS. The CS confirmed the photographed individual to be LAMB. The CS told Agents that they would work to get any telephone number, address, or vehicle that LAMB may utilize, and relate that information back to Agents.

13.    Between December 2020 and the beginning of January 2021, SA Golden and TFO Matulewicz spoke with TFO Michael Dickhaus regarding the drug trafficking activities of LAMB. TFO Dickhaus advised SA Golden and TFO Matulewicz that LAMB has been under investigation by DEA's Task Force Group 1 since approximately August of 2020 for selling cocaine and fentanyl in and around the Cincinnati, Ohio area. SA Golden and TFO's Matulewicz and Dickhaus examined LAMB's criminal history.[2]

---

[1] The CS has prior gun and drug convictions, and is working with agents for consideration on other offenses. The CS has previously provided information to Ohio law enforcement agencies, as well as DEA agents, that was reliable and trustworthy, and which was independently corroborated by law enforcement officers.

[2] LAMB has numerous criminal convictions. Some of these convictions include one from 2004, when LAMB was convicted and sentenced for robbery. In 2009, LAMB was convicted and sentenced for trafficking in cocaine. In 2013, LAMB was convicted and sentenced for trafficking in heroin. Also in 2013, LAMB was convicted and sentenced for having weapons under disability. All of LAMB's convictions stemmed from LAMB's criminal activities in the Cincinnati, Ohio area.

14. On January 4, 2021, the CS contacted Special Agent (SA) Tyran Golden regarding a conversation held with Mekahale LAMB via Apple FaceTime.[3] The CS advised SA Golden that on January 4, 2021, utilizing telephone number **937-900-5213**, LAMB FaceTimed the CS to express frustrations regarding a postal package of approximately one (1) kilogram of fentanyl and/or carfentanyl that was taken after being delivered to an address unknown to the CS at the time. The CS stated to SA Golden that LAMB, and an unidentified individual that LAMB does narcotic-related business with, has postal packages of fentanyl and/or carfentanyl delivered from the west coast area to the Cincinnati, Ohio area a few times a month. The CS advised SA Golden that they believe the unidentified individual LAMB does narcotic-related business with to be the primary recipient of these packages when the packages arrive in the Cincinnati, Ohio area. The CS advised SA Golden that LAMB does not know who took the package or when or how the package was takenbut does not believe it was intercepted by Law Enforcement.

15. The results of an administrative subpoena sent to AT&T revealed that the telephone number **937-900-5213** is subscribed to Mekahale LAMB.

16. Based on my training and experience, conversations with other law enforcement agents, the CS's FaceTime conversation with LAMB, and LAMB's criminal history, I believe that LAMB is utilizing telephone number **937-900-5213** in furtherance of his drug trafficking activities. I believe that locating the AT&T device that LAMB utilizes will uncover possible

---

[3] Apple FaceTime allows cell phone users to place video phone calls to other individuals. Based on my training and experience, I know that drug traffickers commonly use FaceTime calls because it enables them to ensure that the other party has not allowed other individuals, such as law enforcement agents, to overhear or listen-in on discussions regarding criminal activity. Additionally, FaceTime calls are encrypted, and Apple does not record or store these calls on their servers. Law enforcement agents are unable to wiretap FaceTime calls, which is common knowledge amongst criminals operating in the Cincinnati, Ohio area.

stash locations that LAMB possibly utilizes to store drugs and/or drug proceeds, and will aid agents in identifying other co-conspirators within the LAMB drug trafficking organization.

## AUTHORIZATION REQUEST

17.    Based on the foregoing, I request that the Court issue the proposed search warrant, pursuant to Federal Rule of Criminal Procedure 41 and 18 U.S.C. § 2703(c).

18.    I further request, pursuant to 18 U.S.C. § 3103a(b) and Federal Rule of Criminal Procedure 41(f)(3), that the Court authorize the officer executing the warrant to delay notice until 30 days after the collection authorized by the warrant has been completed. There is reasonable cause to believe that providing immediate notification of the warrant may have an adverse result, as defined in 18 U.S.C. § 2705. Providing immediate notice to the subscriber or user of the Target Cell Phone would seriously jeopardize the ongoing investigation, as such a disclosure would give that person an opportunity to destroy evidence, change patterns of behavior, notify confederates, and flee from prosecution. *See* 18 U.S.C. § 3103a(b)(1). As further specified in Attachment B, which is incorporated into the warrant, the proposed search warrant does not authorize the seizure of any tangible property. *See* 18 U.S.C. § 3103a(b)(2). Moreover, to the extent that the warrant authorizes the seizure of any wire or electronic communication (as defined in 18 U.S.C. § 2510) or any stored wire or electronic information, there is reasonable necessity for the seizure for the reasons set forth above. *See* 18 U.S.C. § 3103a(b)(2).

19.    I further request that the Court direct AT&T to disclose to the government any information described in Attachment B that is within the possession, custody, or control of AT&T. I also request that the Court direct AT&T to furnish the government all information, facilities, and technical assistance necessary to accomplish the collection of the information described in Attachment B unobtrusively and with a minimum of interference with AT&T's

7

services, including by initiating a signal to determine the location of the Target Cell Phone on AT&T's network or with such other reference points as may be reasonably available, and at such intervals and times directed by the government. The government shall reasonably compensate AT&T for reasonable expenses incurred in furnishing such facilities or assistance.

20. I further request that the Court authorize execution of the warrant at any time of day or night, owing to the potential need to locate the Target Cell Phone outside of daytime hours.

21. I further request that the Court order that all papers in support of this application, including the affidavit and search warrant, be sealed until further order of the Court. These documents discuss an ongoing criminal investigation that is neither public nor known to all of the targets of the investigation. Accordingly, there is good cause to seal these documents because their premature disclosure may seriously jeopardize that investigation.

Respectfully submitted,

Tyran Y. Golden
Special Agent
Drug Enforcement Administration

Subscribed and sworn to before me on January 14, 2021

STEPHANIE K. BOWMAN
UNITED STATES MAGISTRATE JUDGE

8

**ATTACHMENT A**

**Property to Be Searched**

1. The cellular telephone assigned call number **937-900-5213,** with International Mobile
   Subscriber Identity / Electronic Serial Number 310410307982145, with listed
   subscriber(s) Mekahale LAMB (the "Target Cell Phone"), whose wireless service
   provider is AT&T, a company headquartered at 11760 U.S. Highway 1, North Palm
   Beach, Florida.

2. Records and information associated with the Target Cell Phone that is within the
   possession, custody, or control of AT&T, including information about the location of the
   cellular telephone if it is subsequently assigned a different call number.

**ATTACHMENT B**

**Particular Things to be Seized**

I. **Information to be Disclosed by the Provider**

All information about the location of the Target Cell Phone described in Attachment A

for a period of thirty days, during all times of day and night. "Information about the location of

the Target Cell Phone" includes all available E-911 Phase II data, GPS data, latitude-longitude

data, and other precise location information, as well as all data about which "cell towers" (i.e.,

antenna towers covering specific geographic areas) and "sectors" (i.e., faces of the towers)

received a radio signal from the cellular telephone described in Attachment A.

To the extent that the information described in the previous paragraph (hereinafter,

"Location Information") is within the possession, custody, or control of AT&T, is required to

disclose the Location Information to the government. In addition, AT&T must furnish the

government all information, facilities, and technical assistance necessary to accomplish the

collection of the Location Information unobtrusively and with a minimum of interference with

AT&T's services, including by initiating a signal to determine the location of the Target Cell

Phone on AT&T's network or with such other reference points as may be reasonably available,

and at such intervals and times directed by the government. The government shall compensate

AT&T for reasonable expenses incurred in furnishing such facilities or assistance.

This warrant does not authorize the seizure of any tangible property. In approving this

warrant, the Court finds reasonable necessity for the seizure of the Location Information. *See* 18

U.S.C. § 3103a(b)(2).

**II. Information to Be Seized by the Government**

All information described above in Section I that constitutes evidence of violations of Title 21 U.S.C. §§ 841 and 846, involving Mekahale LAMB and/or other unidentified subject(s).

Law enforcement personnel (who may include, in addition to law enforcement officers and agents, attorneys for the government, attorney support staff, agency personnel assisting the government in this investigation, and outside technical experts under government control) are authorized to review the records produced by the Provider in order to locate the things particularly described in this Warrant.

2